UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TERRY ISIDORE, et al.                                      CIVIL ACTION

VERSUS                                                     NO. 09-1333

USAA INSURANCE COMPANY                                     SECTION "N"  (4)


# O R D E R and R E A S O N S

Before the Court is the **Motion to Dismiss (Rec. Doc. 5)** filed by Defendant United

Services Automobile Association. The motion is opposed by Plaintiffs. After considering the

complaint, the memoranda, and the applicable law, the Court grants the motion without

prejudice.

## I. BACKGROUND

Plaintiffs are residents of Slidell, Louisiana whose home allegedly suffered damage

during Hurricane Katrina. The Plaintiffs had a contract of insurance issued by United Services

Automobile Association. Plaintiffs were originally included as one of several hundred

improperly joined plaintiffs in *Acevedo v. AAA Insurance*, Docket Number 07-5199 in the

Eastern District of Louisiana. After the cases were consolidated in *In re: Katrina Canal*

*Breaches Litigation* and *Acevedo* was administratively closed, settlement negotiations

proceeded. These failing, all misjoined *Acvedo* plaintiffs were ordered to file separate amended complaints. The instant case was refiled under a separate docket number on January 29, 2009, and USAA moved to dismiss for lack of subject matter jurisdiction on April 24, 2009.

## II. ANALYSIS

Rule 12(b)(1) governs challenges to the Court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003).

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *see also Clark*, 798 F.2d at 741. Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. Moreover, a court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does

not prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Plaintiffs assert that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 as diversity of citizenship exists between plaintiffs, residents of Louisiana, and USAA, which plaintiffs contend is a Texas entity. To determine the citizenship of an artificial entity, other than a corporation, a court must consider "each of the entity's constituent members." *Temple Drilling, Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)). Here, Defendant claims that USAA is a reciprocal interinsurance exchange, which is treated as an unincorporated association for the purposes of determining diversity jurisdiction. *See, e.g.*, *Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1989); *R.E. Arbuthnot v. State Auto. Insurance Ass'n*, 264 F.2d 260, 261 (10th Cir. 1959). In a reciprocal interinsurance exchange, members undertake to insure each other by a mutual exchange of insurance contracts. "A short definition is that the members are both the insurers and the insureds." *R.E. Arbuthnot*, 264 F.2d at 261 n.1. As USAA explains in an affidavit attached to its motion, it is a reciprocal interinsurance exchange with members who reside in all 50 states, including Louisiana. *See* Mot. at Ex. A (Joy affidavit).

Plaintiffs contend that the Fifth Circuit has already held that USAA is a Texas citizen for jurisdictional purposes. *See Moore v. United Services Automobile Association*, 819 F.2d 101 (5th Cir. 1987); *Oss v. United Services Automobile Association*, 807 F.2d 457 (5th Cir. 1987); *Boardman v. United Services Automobile Association*, 768 F.2d 718 (5th Cir. 1985). However, those cases were decided before *Tuck*, which has become the leading case in this area, and did not specifically address USAA's status as an unincorporated association. They are therefore not

dispositive of the issue at hand.

Thus, Plaintiffs, whose burden it is to show that USAA is not a reciprocal interinsurance exchange, have not offered any evidence that rebuts defendant's representation that it is a reciprocal interinsurance exchange. Furthermore, other sections of this Court have held that USAA is a reciprocal interinsurance exchange organized under the laws of Texas with members residing in all fifty states. *See Ourso v. United Services Auto. Ass'n*, 2007 WL 275092 (E.D. La. Jan. 25, 2007) (dismissing an action against USAA based on lack of complete diversity) (Vance, C.J.); *Norton v. Gurley*, 2000 WL 1408168 (E.D. La. Sept. 25, 2000) (same). Plaintiffs have not argued, and the Court does not find, any compelling reason to hold otherwise. Accordingly, the Court finds that USAA is a reciprocal interinsurance exchange with members in Louisiana. As plaintiffs are also residents of Louisiana, complete diversity is lacking, and this Court therefore lacks subject matter jurisdiction.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** the motion to dismiss. Plaintiffs' suit is accordingly **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 2nd day of June, 2009.

**KURT D. ENGELHARDT**
**United States District Judge**